IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>        Plaintiff,<br><br>        v.<br><br>BENJAMIN SETTLE, RICHARD JONES, and the U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON,<br><br>        Defendants. | NO.  3:24-cv-05080-SAB<br><br><br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Geneva Langworthy, proceeding pro se in this civil matter, filed an application to proceed *in forma pauperis* (IFP), ECF No. 1. She indicates she is disabled, and her only income is Social Security Disability.

### Plaintiff's Complaint

Plaintiff is bringing this action under the *Bivens* Act, the United States Constitution, and Title 18 U.S.C. § 242.

She asserts that Judges Settle and Jones intentionally denied her procedural due process and the Western District of Washington is systemically-racist against poor white people. She alleges that litigants who speak out about reverse racism or disability discrimination are subjected to First Amendment retaliation.

She is asking the Court to require both bench and the staff in the WAWD to

**ORDER TO SHOW CAUSE~ 1**

1  undergo implicit bias training against reverse racism, and ADA sensitivity training.
2  She is also seeking compensation for actual damages from Settle, who essentially
3  stole her $408 filing fee.

4  **Motion Standard**

5    The district court may deny leave to proceed in forma pauperis at the outset
6  if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,*
7  920 F.2d 614, 616-617 (9th Cir. 1990). Under 28 U.S.C. § 1915(e)(2)(B), when a
8  complaint is frivolous, malicious, fails to state a claim on which relief may be
9  granted or seeks monetary relief against a defendant who is immune from such
10 relief, the Court shall dismiss the case at any time.

11   Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that
12 states a claim for relief must contain:

13   (1) A short and plain statement of the grounds for the court's jurisdiction,
14   unless the court already has jurisdiction and the claim needs no new
15   jurisdictional
16   support.
17   (2) A short and plain statement of the claim showing the pleader is entitled
18   to relief; and
19   (3) A demand for relief sought which may include relief in the alternative or
20   different types of relief.

21   While the pleading standard under FRCP 8 "does not require 'detailed
22 factual allegations,' it demands more than an unadorned, the-defendant-
23 unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
24 The pleading must contain more than "labels and conclusions" or "naked
25 assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl.*
26 *Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

27   When a plaintiff appears pro se in a civil rights case, "the court must
28 construe the pleadings liberally and must afford plaintiff the benefit of any doubt."

**ORDER TO SHOW CAUSE~ 2**

*Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1107-08 (9th Cir. 2000).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United State*s, 928 F.2d 829, 843 (9th Cir. 1991).

## Analysis

Plaintiff is suing two federal judges in the Western District of Washington. It is well settled that "judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official functions." *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir.1992) "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). It appears that Plaintiff is suing the judges for actions taken while performing their official duties, and as such, the judges are entitled to absolute immunity, meaning they cannot sued.

Additionally, Plaintiff does not allege any facts in her Complaint. It appears she is alleging a procedural Due Process violation and First Amendment retaliation. Plaintiff is required to provide sufficient facts to show that she is entitled to relief. She had not done so.

Moreover, 18 U.S.C. § 242 does not provide a basis for civil liability. *See Aldabe v. Aldabe*, 515 F.2d 1089, 1092 (9th Cir. 1980). Recently, the U.S. Supreme Court has limited the reach of *Bivens v. Six Unknown Fed. Narcotics*

**ORDER TO SHOW CAUSE~ 3**

1 | *Agents*, 403 U.S. 388 (1971). *See Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017)

2 | (noting a *Bivens* remedy will not be available if there are special factors counseling

3 | hesitation in the absence of affirmative action by Congress).

4 | **Show Cause**

5 | Because of the deficiencies set forth above, it appears Plaintiff's Complaint

6 | is subject to dismissal. Plaintiff may show cause why her application to proceed *in*

7 | *forma pauperis* should not be denied or may file a proposed Amended Complaint

8 | to cure, if possible, the deficiencies noted above, on or before **March 15, 2024**.

9 | If an Amended Complaint is filed, it must be legibly written or retyped in its

10 | entirety and contain the same case number. Any cause of action alleged in the

11 | original complaint that is not alleged in the amended complaint is waived.

12 | The Court will screen the amended complaint to determine whether it states

13 | a claim. If the amended complaint is not timely filed or fails to adequately address

14 | the issues raised herein, the undersigned will recommend the denial of plaintiff's

15 | application to proceed in forma pauperis.

16 | **IT IS SO ORDERED**. The District Court Executive is hereby directed to

17 | file this Order and provide copies to Plaintiff.

18 | **DATED** this 1st day of February 2024.

19

20

21

22 | _____
     Stanley A. Bastian
23 | U.S. District Court Judge

24

25

26

27

28

**ORDER TO SHOW CAUSE~ 4**